# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARNELL GENERALLY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 18-cv-1998-NJR |
| JACQUELINE LASHBROOK, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner, an inmate of the Illinois Department of Corrections currently incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, requesting that the Court remand his case back to the trial court for resentencing consistent with *Miller v. Alabama*, 132 S.Ct. 2455 (2012). (Doc. 1, p. 15).

Petitioner was sentenced to life in prison without the possibility of parole in approximately 1985. (Doc. 1, p. 1). He has filed several motions for post-conviction relief over the years in state court, most recently in 2014. (Doc. 1, p. 4). That petition, like the present one, alleged that Petitioner's life sentence violated *Miller v. Alabama*, 132 S.Ct. 2455 (2012), because he was 17 at the time of the crime. *Id*.

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Here, Petitioner has alleged that his constitutional rights were violated in light of more recent Supreme Court decisions, since held retroactive, when he was sentenced to life for a crime

1

committed when he was 17. The face of the Petition reveals no grounds for dismissal pursuant to Rule 4, and thus the Court shall order a response.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead on or before **January 14, 2019**.[1] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c)(1), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: December 13, 2018**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.