# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARNELL GENERALLY, # N-67686, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 18-cv-1998-NJR |
| JACQUELINE LASHBROOK, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Garnell Generally was convicted by a jury in Madison County, Illinois, of murder, which he committed as a juvenile just three weeks before his 18th birthday. (Doc. 1-1, Doc. 12). On April 4, 1986, the trial judge sentenced Generally to life in prison without the possibility of parole. (Doc. 1-1, pp. 5-6; Doc. 12, p. 1-2); *People v. Generally*, 90 N.E.3d 991, ¶ 7 (Ill. App. 2017). Generally argues that he is entitled to habeas corpus relief under 28 U.S.C. § 2254 because in imposing the discretionary life sentence, the trial court did not properly consider the factors set forth in *Miller v. Alabama*, 567 U.S. 460 (2012), made retroactively applicable on collateral review by *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and the appellate court unreasonably applied those cases in affirming the denial of leave to file his most recent successive post-conviction petition. (Doc. 1-1, pp. 6-11).

Generally has exhausted his state court remedies, including several post-conviction challenges. He filed this petition for writ of habeas corpus in this district court on October 16, 2018.[1] (Doc. 1, p. 15). This matter is now before the Court on Respondent's motion to dismiss (Doc. 12), which argues that the petition is time-barred. Generally responded to the motion (Doc. 20).

---

[1] The "mailbox rule" applies to a petition under Section 2254. *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999); Rule 3(d) of the Rules Governing Section 2254 Cases.

1

## RELEVANT FACTS

In view of the issue raised in Respondent's motion, it is not necessary to delve too deeply into the facts underlying Generally's conviction. Generally and three companions robbed and beat the victim; Generally administered the fatal blows with a car jack. *People v. Generally*, 525 N.E.2d 106, 112 (Ill. App. 1988) (affirming conviction and sentence on direct appeal).

After the appellate court affirmed Generally's conviction, the Illinois Supreme Court denied his petition for leave to appeal ("PLA") on October 6, 1988. *People v. Generally*, 530 N.E.2d 255 (table) (Ill. 1988).

Generally sought post-conviction relief in 1990 and 2001 without success. (Doc. 12, p. 2; Doc. 12-1, p. 1; Doc. 12-2; Doc. 12-3); *People v. Generally*, 807 N.E.2d 978 (table) (Ill. 2004); *People v. Generally*, 855 N.E.2d 284 (table) (Ill. App. 2003); *People v. Generally*, 656 N.E.2d 811 (table) (Ill. App. 1993).

On April 28, 2014, Generally sought leave to bring a successive post-conviction petition to challenge his discretionary life sentence pursuant to *Miller v. Alabama*. (Doc. 12-4). The trial court denied leave, and on October 18, 2017, the Illinois Appellate Court affirmed the denial. (Doc. 12-1); *People v. Generally*, 90 N.E.3d 991 (Ill. App. 2017) (published opinion issued on December 12, 2017). Generally's PLA was denied on January 18, 2018. *People v. Generally*, 94 N.E.3d 642 (table) (Ill. 2018). This habeas petition followed.

## APPLICABLE LEGAL STANDARDS

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

        if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

Generally's habeas filing time frame will be determined by reference to either subparts (A) or (C) of Section 2244(d)(1). Under 2244(d(1)(A), his judgment of conviction became final on January 4, 1989, 90 days after the Illinois Supreme Court denied his PLA on October 6, 1988. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (conviction becomes final when time to file petition for review by the United States Supreme Court expires, even if such review is not sought). As Respondent points out, because Generally's conviction became final prior to the April 24, 1996, enactment of the AEDPA,[2] he had a one-year grace period within which to file for federal habeas relief, which extended his filing window to April 24, 1997. (Doc. 12, pp. 3-4); *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Generally missed that deadline by more than 20 years, and he did not file any post-conviction petition between April 24, 1996 and April 24, 1997 that could have tolled his time limit under Section 2244(d)(2). (See Doc. 12, p. 4 n.2).

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (28 U.S.C. § 2241 *et seq.*).

3

Section 2244(d)(1)(C) could apply to a petition brought in the wake of *Miller v. Alabama*, 567 U.S. 460 (2012). *Miller* held that mandatory sentences of life without parole for juvenile offenders violate the Eighth Amendment. The Supreme Court in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), made the *Miller* rule retroactively applicable on collateral review. Respondent argues that *Miller* does not apply at all to Generally's case, because his life sentence was not mandatory, but instead was imposed within the trial court's discretion. (Doc. 12, pp. 4-5).

Assuming for the sake of argument that the *Miller* rule is applicable here,[3] Generally missed the one-year filing deadline under Section 2244(d)(1)(C). Respondent correctly observes that, because the *Miller* decision was issued on June 25, 2012, a federal habeas petition asserting a *Miller* violation must have been filed no later than June 25, 2013. (Doc. 12, pp. 6-7). *See Dodd v. United States*, 545 U.S. 353, 358 (2005) (1-year limitation period under 28 U.S.C. § 2255 begins when the Supreme Court initially recognized the new constitutional right, not on the date the right was declared retroactive); *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (applying *Dodd* rule to "materially identical" language in § 2244(d)(1)(C)). Generally did not file any application for relief (state or federal) until well after the June 25, 2013, deadline expired.

Generally explains that his habeas petition is timely because he filed his state post-conviction petition two months after the Illinois Supreme Court (on March 20, 2014) declared in *People v. Davis*, 6 N.E.3d 709 (Ill. 2014), that *Miller v. Alabama* would be applied retroactively. (Doc. 1, p. 13). He then filed the instant petition within one year of the January 18, 2018, denial of his PLA by the Illinois Supreme Court. Unfortunately for him, however, his 2014 state post-conviction petition did not serve to toll the limitations period purportedly re-started by *Miller*, which had already expired on June 25, 2013. Once the one-year time limit for seeking habeas relief has expired, a later-filed collateral attack cannot "toll" the intervening lapse of time to allow for another chance to file a habeas petition. *De*

---

[3] Because this action will be dismissed as untimely, the Court will not reach the issue of whether *Miller* would afford Generally any relief.

4

*Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant").

The only issue remaining is whether Generally is entitled to equitable tolling to excuse the lapse of time from his June 25, 2013, filing deadline (following *Miller*) to the date he brought this action on October 16, 2018. Equitable tolling is "an extraordinary remedy that is 'rarely granted.'" *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010)). In order for equitable tolling to apply, a habeas petitioner must demonstrate diligent pursuit of his rights, and identify some extraordinary circumstance that prevented him from timely filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The habeas petitioner has the burden to establish both of these factors. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Generally was diligent in pursuing his right to relief in state court, following the Illinois Supreme Court's *Davis* decision in 2014 (which he erroneously believed to be the trigger for his right to seek relief under *Miller*). He then filed this petition approximately nine months after the Illinois Supreme Court refused to take up his appeal from the denial of his successive post-conviction application. It is apparent from the petition, however, that he misapprehended the applicable time limits for seeking federal habeas relief, and consequently he did not pursue this avenue with diligence. (Doc. 1, p. 13).

Generally's response to the motion to dismiss (Doc. 20) does not set forth any basis for equitable tolling to apply. He argues that the state court "incorrectly found I could not meet the prejudice portion of the cause and prejudice test" for bringing a successive post-conviction petition. (Doc. 20). But the "cause and prejudice test" goes to the merits of the appellate court's decision affirming the dismissal of the successive state post-conviction petition—it has nothing to do with whether Generally is entitled to equitable tolling of the deadline to seek federal habeas relief.

Generally's misunderstanding of the applicable habeas deadlines is the type of "garden variety" hindrance that does not suffice to justify equitable tolling. *Obriecht v. Foster*, 727 F.3d 744, 749 (7th

5

Cir. 2013); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law . . . is not a circumstance that justifies equitable tolling."); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (negligence and mistake in calculating filing deadline do not constitute extraordinary circumstances).

Finally, the record indicates that at the time of his trial, Generally may have suffered from a personality disorder. (Doc. 1-1, p. 4); *People v. Generally*, 90 N.E.3d 991, ¶ 12 (Ill. App. 2017). He also tested lower than average on an IQ test (79), but his verbal skills were average or above. *Id.* Generally stated in his motion for recruitment of counsel (denied in Doc. 13), that he has a "low IQ and no legal training" and attended "some high school" without graduating. (Doc. 3, p. 2). Mental incompetence or illness may, in some cases, provide grounds for equitable tolling. *See Davis v. Humphreys*, 7547 F.3d 497 498-99, (7th Cir. 2014); *Obriecht*, 727 F.3d at 750-51 ("[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.") (internal citation omitted). Generally does not, however, present any argument to support equitable tolling on the basis of his mental or intellectual condition in his response to the motion to dismiss. Nothing in the record indicates that he suffered from any impairment during the period relevant to his habeas filing period (2012-2018).

Generally has not demonstrated that he faced extraordinary circumstances preventing him from seeking federal habeas relief in a timely fashion. He is not entitled to equitable tolling. Accordingly, the motion to dismiss shall be granted, and this action shall be dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable whether this Court's ruling on the untimeliness of the habeas petition is correct. Accordingly, the Court denies a certificate of appealability.

Generally may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

### DISPOSITION

Respondent's motion to dismiss the habeas corpus petition as time-barred (Doc. 12) is **GRANTED**. This action is **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Generally wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Generally plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Generally does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)

may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  July 24, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**